## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN F. CHIMIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:16-CV-09275 |
| | ) | |
| THE PEOPLES GAS LIGHT AND COKE | ) | Judge Manish S. Shah |
| COMPANY and WEC ENERGY | ) | |
| GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### PEOPLES GAS LIGHT AND COKE COMPANY AND WEC ENREGY GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT

Defendants, THE PEOPLES GAS LIGHT AND COKE COMPANY and WEC

ENERGY GROUP, INC, by and through their attorneys, Grant Law, LLC., respectfully state as

follows:

### NATURE OF ACTION

1.     Plaintiff, Steven F. Chimis's causes of action arises under the Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., Age Discrimination in
Employment Act of 1967, as amended, 29 U.S.C. §621, et seq., violations of the Americans with
Disabilities Act of 1990, as amended, retaliatory discrimination in employment under 42 U.S.C.
§1981.

**ANSWER:     Defendants do not provide a response to the allegations contained in**

**paragraph 1 of the Complaint because the allegations call for a legal conclusion, and**

**therefore no answer is required.  Defendants specifically deny any wrongdoing and deny**

**that Plaintiff is entitled to any relief from Defendants.**

### PARTIES

2.     Plaintiff, Steven F. Chimis (hereinafter "Chimis"), is a 55 year old individual
residing in the Village of Hoffman Estates, County of Cook, State of Illinois.

1

**ANSWER:** **Defendants admit the allegations contained in paragraph 2 of the Complaint.**

3.     Plaintiff Chimis was employed by Peoples Gas Light & Coke Company as a laborer until his unlawful termination in 2016.

**ANSWER:** **Defendants admit that Plaintiff Chimis was employed by Peoples Gas as a laborer.  Defendants deny the remaining allegations contained in paragraph 3 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

4.     Defendant, Peoples Gas Light & Coke Company (hereinafter "Peoples Gas"), is a natural gas utility company operating, doing business in and incorporated in the State of Illinois.

**ANSWER:** **Defendants admit the allegations contained in paragraph 4 of the Complaint.**

5.     Defendant Peoples Gas is an Illinois corporation engaged in industry affecting commerce and doing business within the Northern District of Illinois.

**ANSWER:** **Defendants admit the allegations contained in paragraph 5 of the Complaint.**

6.     In 2015, Defendant Peoples Gas was acquired by Defendant WEC Energy Group Inc. (hereinafter "WEC"), a Midwestern electric and natural gas delivery company serving 4.4 million customers in Wisconsin, Illinois, Michigan and Minnesota. WEC Energy Group Inc. had revenue of $503.4 million in 2015 from its Illinois operations, which is made up entirely of Peoples Gas.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of whether WEC had revenue of $503.4 million in 2015 from its Illinois operations.   Defendants admit the remaining allegations contained in paragraph 6 of the Complaint.**

2

7.    Defendant Peoples Gas operates as a separate utility company within Defendant WEC.

**ANSWER:    Defendants admit the allegations contained in paragraph 7 of the Complaint.**

## JURISDICTION AND VENUE

8.    This court has jurisdiction over plaintiff's discrimination action pursuant to 28 U.S.C. §§ 1331 and 1343.

**ANSWER:   Defendants do not provide a response to the allegations contained in paragraph 8 of the Complaint because the allegations call for a legal conclusion.  To the extent an answer is required, Defendants admit the allegations contained in paragraph 8 of the Complaint.**

9.    Plaintiff has sought timely Federal relief. On June 16, 2016, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received notice of his right to sue, dated July 1, 2016, from the Equal Employment Opportunity Commission. A copy of the EEOC complaint and right to sue are attached hereto as Exhibit A and B respectively.

**ANSWER:    Defendants do not provide a response to the allegation that Plaintiff has sought timely Federal relief because the allegation calls for a legal conclusion, and therefore no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.**

10.    Venue lies in this district pursuant to 28 U.S.C. §1391, because plaintiff's cause of action arose in Cook County, Illinois and the defendants are doing business in and found within the boundaries of the Northern District of Illinois, Eastern Division.

**ANSWER:    Defendants do not provide a response to the allegations contained in paragraph 10 of the Complaint because the allegations call for a legal conclusion.  To the extent an answer is required, Defendants admit the allegations contained in paragraph 10**

of the Complaint.

## FACTS

11.     Plaintiff Chimis was hired by Peoples Gas on or about April 9, 1990, and immediately prior to his termination in 2016, was employed as a Laborer.

**ANSWER:     Defendants admit the allegations contained in paragraph 11 of the Complaint.**

12.     At all times relevant, Chimis has performed his job duties in an acceptable and satisfactory manner, consistent with Peoples Gas's standards.

**ANSWER:     Defendants deny the allegations contained in paragraph 12 of the Complaint.**

13.     Chimis would complain to his employer of the discriminatory treatment given to his because of his age and/or disability.

**ANSWER:     Defendants deny the allegations contained in paragraph 13 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

14.     Despite asserting his rights under the ADA and ADEA, during Chimis' employment he was forced to sign a last chance agreement with the Defendants, after which they terminated his employment.

**ANSWER:   Defendants admit that Plaintiff was terminated and that he signed a last chance agreement.  Defendants deny the remaining allegations contained in paragraph 14 of the Complaint.   Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

15.     On June 16, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission against the Defendants for discrimination based upon his disability in violation of the Americans with Disabilities Act, age discrimination in violation of the Age Discrimination in Employment Act, and retaliation for asserting his rights.

**ANSWER:** **Defendants admit the allegations contained in paragraph 15 of the Complaint.**

16.    Plaintiff was discharged in whole or in material part because of his disability.

**ANSWER:** **Defendants deny the allegations contained in paragraph 16 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

17.    Plaintiff was discharged in whole or in material part because of his age.

**ANSWER:** **Defendants deny the allegations contained in paragraph 17 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

18.    Plaintiff was discharged in whole or in material part because of his complaints to and against Defendant.

**ANSWER:** **Defendants deny the allegations contained in paragraph 18 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

## COUNT I – VIOLTION OF AMERICANS WITH DISABILITIES ACT
### (Discrimination Based Upon Disability)

19.    Plaintiff re-alleges Paragraph 1-18 of the previous sections of the Complaint as Paragraph 19 of Count I.

**ANSWER:** **Defendants restate its answers to paragraphs 1-18 of the Complaint as though fully set forth in their entirety.**

20.    Based on information and belief, Plaintiff was harassed based on his disability and limitations.

**ANSWER:** **Defendants do not provide a response to the allegations contained in**

5

paragraph 20 of the Complaint because the allegations call for a legal conclusion, and therefore no answer is required. To the extent an answer is required, Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.

21.     Based on information and belief, Plaintiff was discharged because the Defendants refused to accommodate his disability and was the result of discrimination based upon Defendants' belief that Plaintiff could not perform the essential functions of his job with modest accommodations, in violation of the ADA.

**ANSWER:     Defendants admit that Plaintiff was discharged. Defendants deny the remaining allegations contained in paragraph 21 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

22.     Based on information and belief, Plaintiff's discharge was the result of discrimination based upon disability by the Defendants, in violation of the ADA.

**ANSWER:     Defendants deny the allegations contained in paragraph 22 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

23.     Plaintiff has exhausted his administrative remedies by filing a Charge of Discrimination, whereupon the EEOC issued a right to sue letter.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

24.     As a direct and proximate result of the Defendants' actions, Plaintiff suffered severe financial damages, including but not limited to loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under the ADA.

**ANSWER:  Defendants deny the allegations contained in paragraph 24 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

25.     The Defendants' wrongful actions caused Plaintiff great mental anguish, humiliation, anxiety, medical problems, and other emotional and psychological distress.

**ANSWER:  Defendants deny the allegations contained in paragraph 25 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

26.     Plaintiff is entitled to the recovery of compensatory and punitive damages.

**ANSWER:   Defendants deny the allegations contained in paragraph 26 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

27.     The Defendants' actions were willful, wanton, malicious and oppressive and justify the awarding of exemplary, liquidated and/or punitive damages.

**ANSWER:  Defendants deny the allegations contained in paragraph 27 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

28.     Plaintiff is entitled to the recovery of compensatory damages.

**ANSWER:   Defendants deny the allegations contained in paragraph 28 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

29.     An award of punitive damages is appropriate and necessary to deter Defendants from committing similar acts of discrimination in the future.

**ANSWER:   Defendants deny the allegations contained in paragraph 29 of the**

**Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

Defendants, The Peoples Gas Light and Coke Company and WEC Energy Group, Inc., respectfully request that this court enter judgment in their favor and against Plaintiff for costs of defending this lawsuit, and any other relief as this Honorable Court deems necessary and proper.

## COUNT II – VIOLATION OF TITLE VII
### (Retaliation Based On Disability)

30.     Plaintiff re-alleges Paragraphs 1-29 of the previous sections of the Complaint as Paragraph 30 of this Count II.

**ANSWER:    Defendants restate their answers to paragraphs 1-29 of the Complaint as though fully set forth in their entirety.**

31.     At all times throughout the course of employment, Plaintiff was qualified for his position and performed his job to the legitimate expectation of his employer and beyond.

**ANSWER:    Defendants deny the allegations contained in paragraph 31 of the Complaint.**

32.     Based on information and belief, Defendants' retaliation against Plaintiff was because of his disabilities and complaining to management for accommodations.

**ANSWER:    Defendants deny the allegations contained in paragraph 32 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

33.     Plaintiff's filing of complaints with the Defendants resulted in harassment, differing terms and conditions of employment, and ultimately termination from the harassment.

**ANSWER:    Defendants admit that Plaintiff was terminated.  Defendants deny the remaining allegations contained in paragraph 33 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

34.     Defendants' wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights.

**ANSWER:     Defendants deny the allegations contained in paragraph 34 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

35.     Plaintiff has exhausted his administrative remedies by filing a Charge of Discrimination, whereupon the EEOC issued a right to sue letter.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.**

36.     As a direct and proximate result of the Defendants' action, Plaintiff suffered severe financial damages, including but not limited to loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under Title VII.

**ANSWER:     Defendants deny the allegations contained in paragraph 36 of the complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

37.     The Defendants' actions caused Plaintiff great mental anguish, humiliation, anxiety, loss of sleep, medical problems, and other emotional and psychological distress.

**ANSWER:     Defendants deny the allegations contained in paragraph 37 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

38.     The Defendants' actions were willful, wanton, malicious and oppressive and justify the awarding of exemplary, liquidated and/or punitive damages.

**ANSWER:     Defendants deny the allegations contained in paragraph 38 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is**

entitled to any relief from Defendants.

39.     Plaintiff is entitled to the recovery of compensatory damages.

**ANSWER:     Defendants deny the allegations contained in paragraph 39 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

40.     An award of punitive damages is appropriate and necessary to deter Defendants from committing similar acts of retaliation in the future.

**ANSWER:     Defendants deny the allegations contained in paragraph 40 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

Defendants, The Peoples Gas Light and Coke Company and WEC Energy Group, Inc., respectfully request that this court enter judgment in their favor and against Plaintiff for costs of defending this lawsuit, and any other relief as this Honorable Court deems necessary and proper.

### COUNT III—AGE DISCRIMINATION IN EMPLOYMENT ACT
(Age Discrimination)

41.     Plaintiff repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein as Paragraph 41 of Count III.

**ANSWER:     Defendants restate their answers to paragraphs 1-40 of the Complaint as though fully set forth in their entirety.**

42.     At all times throughout the course of employment, Plaintiff was qualified for his position and performed his job to the legitimate expectation of his employer and beyond.

**ANSWER:     Defendants deny the allegations contained in paragraph 42 of the Complaint.**

43.     Plaintiff has a federally protected right to equal treatment in the workplace.

**ANSWER:     Defendants do not provide a response to the allegation contained in**

**paragraph 43 of the Complaint because the allegation call for a legal conclusion, and**

**therefore no answer is required. To the extent an answer is required, Defendants**

**specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from**

**Defendants.**

44.     At the time Plaintiff's employment with Defendant's was terminated, Plaintiff
was Fifty-five (55) years old.

**ANSWER:     Defendants admit the allegations contained in paragraph 44 of the**

**Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled**

**to any relief from Defendants.**

45.     Based on information and belief, after Plaintiff's employment with Defendants
was terminated, the position that Plaintiff previously held was filled by a younger, similarly-
situated, less qualified employee.

**ANSWER:     Defendants deny the allegations contained in paragraph 45 of the**

**Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled**

**to any relief from Defendants.**

46.     Younger employees were treated more favorably than Plaintiff in that they
retained their positions, were not harassed, and were not discharged.

**ANSWER:     Defendants deny the allegations contained in paragraph 46 of the**

**Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled**

**to any relief from Defendants.**

47.     The discharge of Plaintiff from his employment with Defendants constituted and
was the result of discrimination based upon age by the Defendants, in violation of the ADEA.

**ANSWER:     Defendants deny the allegations contained in paragraph 47 of the**

**Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled**

**to any relief from Defendants.**

48.     Plaintiff was discharged by Defendants because of Plaintiff's age and any

proffered reason to the contrary by Defendants is pretext for unlawful discrimination.

**ANSWER:** **Defendants admit that Plaintiff was discharged. Defendants deny the remaining allegations contained in paragraph 48 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

49.     Any reason given for Defendants adverse actions are a pretext for age discrimination, in that Plaintiff would not have been discharged from his employ but for Defendants' motive to discriminate against Plaintiff due to his age.

**ANSWER:** **Defendants deny the allegations contained in paragraph 49 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

50.     By the above-described actions, but not limited to the same, Defendants discriminated against Plaintiff by discharging Plaintiff because of his age, in violation of the ADEA, and treated younger employees more favorably.

**ANSWER:** **Defendants admit that Plaintiff was discharged. Defendants deny the remaining allegations contained in paragraph 50 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

51.     By the above-described actions, but not limited to the same, Defendants took adverse employment action against Plaintiff which seriously affected his physical, financial, and psychological well-being, and caused him to suffer significant damages.

**ANSWER:** **Defendants deny the allegations contained in paragraph 51 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

52.     Defendants' wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights under the ADEA.

**ANSWER:** **Defendants do not provide a response to the allegations contained in paragraph 52 of the Complaint because the allegations call for a legal conclusion, and**

therefore no answer is required.  To the extent an answer is required, Defendants

specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from

Defendants.

53.    Plaintiff has exhausted his administrative remedies, by filing an underlying
Charge of Discrimination with the EEOC, whereupon the EEOC issued a right to sue letter.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief**

**as to the truth of the allegations contained in paragraph 53 of the Complaint.  Defendants**

**specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from**

**Defendants.**

54.    As a direct and proximate result of the Defendants' action in discharging Plaintiff
from its employ, Plaintiff suffered severe financial damages, including but not limited to loss of
wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of
future earnings and other incidentals and benefits of employment, damage to reputation, other
compensatory damages, attorneys' fees, court costs, and other damages allowable under ADEA.

**ANSWER:**    **Defendants deny the allegations contained in paragraph 54 of the**

**Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled**

**to any relief from Defendants.**

55.    The Defendants' actions in discharging Plaintiff from its employ caused Plaintiff
great mental anguish, humiliation, anxiety, loss of sleep, and other emotional and psychological
distress.

**ANSWER:**    **Defendants deny the allegations contained in paragraph 55 of the**

**Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled**

**to any relief from Defendants.**

56.    The Defendants' action in discharging Plaintiff from its employ was willful,
wanton, malicious and oppressive and justify awarding of exemplary, liquidated and/or punitive
damages.

**ANSWER:**    **Defendants deny the allegations contained in paragraph 56 of the**

**Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled**

to any relief from Defendants.

59.     Plaintiff is entitled to the recovery of compensatory damages.

**ANSWER:[1]     Defendants deny the allegations contained in paragraph 59 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

60.     An award of punitive damages is appropriate and necessary to deter Defendants from committing similar acts of unlawful age discrimination in the future.

**ANSWER:     Defendants deny the allegations contained in paragraph 60 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

Defendants, The Peoples Gas Light and Coke Company and WEC Energy Group, Inc., respectfully request that this court enter judgment in their favor and against Plaintiff for costs of defending this lawsuit, and any other relief as this Honorable Court deems necessary and proper.

## COUNT IV: RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

61.     Plaintiff re-alleges Paragraphs 1-60 of the previous sections of the Complaint as if fully set forth herein as paragraph 61 of Count IV.

**ANSWER:     Defendants restate their answers to paragraphs 1-60 of the Complaint as though fully set forth in their entirety.**

62.     At all times throughout the course of employment, Plaintiff was qualified for his position and performed his job to the legitimate expectation of his employer and beyond.

**ANSWER:     Defendants deny the allegations contained in paragraph 62 of the Complaint.**

64.     Defendants' wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights.

---

[1] Plaintiff's Complaint fails to allege paragraphs numbered 57 through 58 and, therefore, no answer is required.

**ANSWER:**[2]  **Defendants deny the allegations contained in paragraph 64 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

65.     Plaintiff has exhausted his administrative remedies by filing a Charge of Discrimination, whereupon the EEOC issued a right to sue letter.

**ANSWER:**     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

66.     Section 1981 makes it unlawful for an employer to retaliate against an employee because that employee engaged in protected activity, such as complaining to an employer about discrimination on the job.

**ANSWER:**     **Defendants do not provide a response to the allegations contained in paragraph 66 of the Complaint because the allegations call for a legal conclusion, and therefore no answer is required.  To the extent an answer is required, Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

67.     Plaintiff Chimis engaged in protected activity under 42 U.S.C. § 1981 by complaining about and reporting age discrimination, violations of the Americans with Disabilities Act, and retaliation to defendants.  Plaintiff also placed Defendants on notice of their intent to file a complaint about Peoples Gas' discriminatory practices.

**ANSWER:**     **Defendants deny the allegations contained in paragraph 67 of the Complaint.  Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

68.     As a direct and proximate result of the Defendants' actions, Plaintiff suffered severe financial damages, including but not limited to loss of wages, past and future, loss of

---

[2] Plaintiff's Complaint fails to allege paragraph number 63 and, therefore, no answer is required.

benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under 42 U.S.C §1981.

**ANSWER:** **Defendants deny the allegations contained in paragraph 68 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

69.     The Defendants' actions caused Plaintiff great mental anguish, humiliation, anxiety, loss of sleep, and other emotional and psychological distress.

**ANSWER:** **Defendants deny the allegations contained in paragraph 69 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

70.     The Defendants' actions were willful, wanton, malicious and oppressive and justify awarding of exemplary, liquidated and/or punitive damages.

**ANSWER:** **Defendants deny the allegations contained in paragraph 70 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

71.     Plaintiff is entitled to recovery of compensatory damages.

**ANSWER:** **Defendants deny the allegations contained in paragraph 71 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

72.     An award of punitive damages is appropriate and necessary to deter Defendants from committing similar acts of retaliation in the future.

**ANSWER:** **Defendants deny the allegations contained in paragraph 72 of the Complaint. Defendants specifically deny any wrongdoing and deny that Plaintiff is entitled to any relief from Defendants.**

Defendants, The Peoples Gas Light and Coke Company and WEC Energy Group, Inc.,

respectfully request that this court enter judgment in their favor and against Plaintiff for costs of defending this lawsuit, and any other relief as this Honorable Court deems necessary and proper.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a cause of action against Peoples Gas and WEC to the extent that he fails to sufficiently plead any claim of liability or damages against Peoples Gas and WEC pursuant to *Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)* and *Ashcroft v. Iqbal*, 556 U.S. 662  (2009).

2.    To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his claimed injuries or damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

3.    To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct, omission, or failure to act on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  *See Poole v. City of Rolling Meadows*, 167 Ill.2d 41, 656 N.E.2d 768 (Ill. 1995).

4.    Plaintiff's Complaint fails to state a cause of action against Defendants to the extent that he sufficiently alleges conduct or omissions which occurred more than 300 days prior to the filing of Plaintiff's charge of discrimination.

5.    Defendants did not commit the acts or omissions as alleged in Plaintiff's Complaint for discriminatory motives.  Instead, such acts or omissions were taken for legitimate,

non-discriminatory, non-pretextual reasons.

6.      At all times relevant, Defendants promulgated written policies, including policies regarding alcohol and drug use for employees working on natural gas pipelines.  These policies and procedures were communicated to Plaintiff.  Had Plaintiff followed Defendants' written policies, he could have avoided the purported damages he alleges in this matter.  Plaintiff, therefore, unreasonably failed to take advantage of the established policies and procedures and otherwise failed to avoid consequences.

7.      Defendants engaged attorneys to represent them in their defense of Plaintiff's frivolous, unfounded and unreasonable action and are thereby entitled to an award of reasonable attorneys' fees for having to defend themselves against such a frivolous and unreasonable action.

8.      Litigation is at an early stage and Defendants' investigation of the allegations raised in Plaintiff's Complaint is continuing.  Accordingly, Defendants reserve the right to raise additional affirmative defenses as they become known, up to and including during trial.

Defendants pray that this court:

A.   Enter judgment dismissing the Complaint in its entirely with prejudice, and denying all relief therein sought;

B.   Enter an Order awarding Defendants their costs and disbursements herein, including attorneys' fees, together with such other and further relief as this Court Deems just, proper and equitable.

Dated: November 22, 2016

Respectfully Submitted,


s/ *Maurice Grant*
One of Its Attorneys


Maurice Grant
Carlos Carabajal
GRANT LAW, LLC
230 West Monroe, Suite 240
Chicago, Illinois 60606
(312) 551-0111

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on November 22, 2016, he electronically filed the

foregoing: **PEOPLES GAS LIGHT AND COKE COMPANY AND WEC ENREGY**

**GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S**

**COMPLAINT** with the Court, a copy of which will be served on all counsel via the Court's

CM/ECF System.

By: <u>/s/: *Maurice Grant*</u>

Maurice Grant

Maurice Grant
Carlos Carabajal
**GRANT LAW, LLC**
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
P: (312) 551-0111
F: (312) 551-0112